# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TARIQ MAHDI**  **PLAINTIFF**
**ADC #097695**

**V.**     **CASE NO. 4:18-CV-705-BSM-BD**

**PULASKI COUNTY REGIONAL**
**DETENTION FACILITY,** *et al*.     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive their right to appeal questions of fact.

**II.   Discussion:**

A.  Background

Tariq Mahdi, an Arkansas Department of Correction inmate formerly detained at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this civil

rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983.[1] (Docket entry #2) In his complaint, Mr. Mahdi alleges that he was exposed to toxic gas fumes while housed at the Detention Facility.

Defendants have moved for summary judgment on Mr. Mahdi's claims against them, arguing that he failed to exhaust his administrative remedies before filing this lawsuit. (#34) Mr. Mahdi has not responded to the Defendants' motion, and the time for doing so has passed. (#38) The motion is now ripe for review.

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed

---

[1] Mr. Mahdi originally filed this lawsuit on behalf of himself, Antonio Sanders, and Jeremy Henderson. Each individual was permitted to pursue his claim in a separate lawsuit. Mr. Sanders's and Mr. Henderson's cases have been dismissed. See *Sanders v. Pulaski County Reg'l Det. Facility*, E.D. Ark. Case No. 4:18-cv-706 and *Henderson v. Pulaski County Reg'l Det. Facility*, et al., E.D. Ark. Case No. 4:18-cv-707 BSM.

to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But, the exceptions to the exhaustion requirement are few. For example, an inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In support of their motion, Defendants attach the declaration of Nancy Brawley, the Administrative Sergeant and Grievance Officer at the Detention Facility. (#35-2) According to Sergeant Brawley, on September 20, 2018, Mr. Mahdi submitted PCRDF grievance 18-1083, complaining that there was a gas leak in the roof of the Detention Facility that was causing him to feel light-headed. (*Id.* at pp.3, 19)

On September 24, 2018, Sergeant Brawley received that grievance. (*Id.* at p.19) On October 8, 2018, Sergeant Brawley responded to Mr. Mahdi's grievance informing him that, on September 20, a master plumber had discovered a crack in the elbow of the natural gas line on the Detention Facility's roof and had replaced the elbow that day. (*Id.* at p.22)

On the same day that Sergeant Brawley received Mr. Mahdi's grievance (September 24), Mr. Mahdi filed this lawsuit. (#2) Accordingly, he could not have fully exhausted PCRDF grievance 18-1083 before filing this lawsuit, and dismissal is mandatory.

## III.	Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#34) be GRANTED. Mr. Mahdi's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED, this 26th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE